[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-13129

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

OMAYRA UJAQUE,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cr-00021-PGB-LHP-1

————————————————

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Omayra Ujaque was convicted of committing bank fraud and aggravated identity theft while working as a loan officer for a residential mortgage lender. In sentencing her for those offenses, the district court imposed a two-year term of supervised release and ordered Ujaque to comply with the "mandatory and standard conditions adopted by the Court in the Middle District of Florida." The subsequent written judgment included a list of thirteen "standard" conditions of supervised release. Ujaque argues for the first time on appeal that the district court violated her due-process rights by failing to orally pronounce these discretionary conditions during the sentencing hearing.

Section 3583 of Title 18 of the U.S. Code imposes several mandatory conditions of supervised release and provides that the court may order further conditions in its discretion. 18 U.S.C. § 3583(d). The Sentencing Guidelines provide for thirteen standard conditions that are generally recommended, as well as several special conditions. U.S.S.G. § 5D1.3(c), (d).

In *Rodriguez*, we held that "due process principles generally require district courts to pronounce at the sentencing hearing discretionary, but not mandatory, conditions of supervised release." *United States v. Rodriguez*, 75 F.4th 1231, 1247 (11th Cir. 2023). A defendant must be given "an opportunity to be heard on the discretionary condition[s]." *Id.* at 1248. Courts may satisfy this

requirement by referencing a written list of supervised-release conditions.  *Id.* at 1247.  But a court violates due process if it imposes a discretionary condition that was never identified at the sentencing hearing.  *Id.* at 1248–49.  When a court errs in this way, we will "vacate the conditions and remand for resentencing," so that the court "may, after giving [the defendant] an opportunity to be heard, reconsider whether to impose each of the discretionary conditions."  *Id.* at 1249.

Ordinarily, we review only for plain error where, as here, a defendant challenges the conditions of her supervised release for the first time on appeal.  *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  But we review *de novo* where the defendant "had no opportunity to object at sentencing to the discretionary conditions of supervised release because they were included for the first time in the written judgment."  *Rodriguez*, 75 F.4th at 1246 n.5.

The government contends that plain-error review applies because Ujaque had adequate notice of the standard conditions of release and an opportunity to object or seek clarification at the sentencing hearing.  Ujaque responds that *de novo* review applies any time discretionary conditions are included for the first time in a written judgment, which she believes is the case here.

The government is correct.  We recently held that plain-error review applied on virtually identical facts.  *See United States v. Hayden*, ___ F.3d ___, No. 19-14780, 2024 WL 4377360, at \*4–5 (11th Cir. Oct. 3, 2024).  In *Hayden*, as here, the district court imposed a term of supervised release and ordered the defendant "to

comply with the mandatory and standard conditions adopted by the Court in the Middle District." *Id.* at *4. And there, as here, the court asked the parties if there were any objections to the sentence or how the court had pronounced it, and the defendant did not object to the conditions of supervised release. *Id.*

Based on these facts, we held in *Hayden* that the defendant had adequate notice of the conditions of his supervised release and failed to object, which meant that we "review[ed] his challenge for plain error." *Id.* at *5. We distinguished this scenario from the one present in *Rodriguez*, where the district court "did not reference any conditions of supervised release during the sentencing hearing." *Id.*; *Rodriguez*, 75 F.4th at 1240. *De novo* review applied in *Rodriguez* because the defendant "had no opportunity to object at sentencing to the discretionary conditions of supervised release [that] were included for the first time in the written judgment." *Rodriguez*, 75 F.th at 1246 n.5. But in *Hayden* (and here), by contrast, the district court "informed [the defendant] that there were standard conditions attached to his [or her] supervised release." *Hayden*, 2024 WL 4377360, at *5. Accordingly, following *Hayden*, we review Ujaque's appeal for plain error only.

*Hayden* also makes clear that Ujaque cannot establish plain error with regard to the district court's failure to describe the conditions of supervised release in its oral pronouncement. As in *Hayden*, the court notified Ujaque she would have to comply with the "mandatory and standard conditions adopted by the Court in the Middle District." *Id.* at *4. Then, in the written judgment, the

23-13129                 Opinion of the Court                 5

court stated those conditions.  Plus, as we noted in *Hayden*, those same conditions were "listed in the publicly available judgment form" on the court's website and "track the standard conditions of supervised release in the relevant sentencing guideline," U.S.S.G. § 5D1.3(c).  *See Form AO 245B Judgment in a Criminal Case*, U.S. Dist. Ct. for the Middle Dist. of Fla., at 6, https://perma.cc/5PHV-Q76Q (last visited Oct. 4, 2024).[1]  "Because the district court orally referenced the 13 discretionary standard conditions of supervised release for the Middle District of Florida and because the oral pronouncement and written judgment do not conflict, it did not err—much less plainly err."  *Hayden*, 2024 WL 4377360, at \*5.

For these reasons, we affirm Ujaque's sentence.

**AFFIRMED.**

---

[1] Also available at https://www.uscourts.gov/sites/default/files/ao245b.pdf (last visited Oct. 4, 2024).